MARTÍNEZ AS ASSIGNEE OF SANJURJO v. GARCÍA.

APPEAL from the District Court of Mayagüez.

No. 742.—Decided January 16, 1912.

Decided on the grounds of the opinion in the case of *Martínez as assignee of Sanjurjo v. García,* No. 743, decided January 16, 1912.

The facts are stated in the opinion.

*Mr. Pascasio Fajardo* for appellant.

*Mr. José de Diego* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This appeal which is before us for our consideration and decision was taken by the plaintiff from a judgment rendered by the District Court of Mayagüez on April 17, 1911, dismissing the complaint with costs against the plaintiff.

The bill substantially alleges that while Isidro F. Sanjurjo was the attorney in fact of the defendant he loaned her money and defrayed certain expenses for her account, her indebtedness aggregating $12,000 made up by the 12 items which are specified in detail in the complaint, each one expressing the reason for which the disbursement was made, and that the said amount has not been satisfied either in whole or in part, the complaint ending with the prayer that judgment be rendered ordering the defendant to pay the said sum with legal interest from the time the suit was filed plus the costs, and the fees of the attorney for complainant amounting to the sum of $500.

The defendant in her answer specifically denies having received in any shape or manner the amount set forth in detail in the complaint, or that she owes to Fernández Sanjurjo or his assignee, Rogelio Martínez Castro, either the whole or any part of the amount claimed, although she admits that Isidro F. Sanjurjo had at one time a power of attorney from her, of which he never made any use whatsoever and for the enforcement of which she never gave him any instructions.

At the trial of the case the attorney for the plaintiff caused to have eliminated 5 out of the 10 items which made up the sum claimed, thus limiting the claim to just 5 items amounting in all to $2,600. The evidence introduced by both parties having been considered, the complaint was dismissed with costs against the plaintiff, as hereinbefore stated.

The grounds of the appellants herein are:

1. That the judgment is null because it does not conform to the provisions of the act to amend sections 92, 123, 227 and 299 of the Code of Civil Procedure, approved March 1, 1911.

2. That in considering as a whole the evidence introduced the court below committed manifest error in disregarding the provisions of the Law of Evidence.

In the decision rendered also today of appeal No. 743

in another case of *Isidro F. Sanjurjo (now Rogelio Martínez Castro by assignment)* v. *Dolores García Sanjurjo,* for the satisfaction of a debt, in which the grounds given for the appeal are the same as above set forth, we stated:

"No assignment has been made of the particular errors alleged to have been committed by the court below in violation of the two statutes cited, as it was incumbent upon appellant to do under rules 42 and 43 of the rules of this court, and as counsel for both parties failed to appear the hearing was held in their absence and the errors alleged to have been committed have not even been assigned orally.

"It seems that the ground upon which the prayer for the reversal of the judgment is based is that the judge of the court below delivered his opinion subsequently to the judgment. It is so affirmed in the brief of appellant and it so appears in the record. But such a fact does not render the judgment null and void since the rights of the parties are thereby determined.

"It is true that section 227 of the Code of Civil Procedure, as amended by the Act of March 1, 1911, provides that on the final trial of any case in a district court the judge thereof shall make out and file a brief statement in the case setting out the facts as found by him and giving the reasons for his decision. But this provision does not direct that the statement should be made previously, simultaneously or subsequently to the decision. From the record it appears that the statement was made out in the manner specified in the statute, therefore the law has been properly complied with.

"Although it has fallen under our observation that appellant has not even made an attempt to show, as it was his duty to do, that the court below committed manifest error in weighing the evidence introduced at the trial, we have carefully reviewed the same and, far from finding the errors alleged to have been committed, we have noticed that no evidence has been introduced to show the existence of the obligation the enforcement of which is herein demanded, the burden of which was upon appellant under section 1182 of the Civil Code and section 108 of the Law of Evidence.

"In view of such a lack of evidence we find that we can very aptly apply here the legal maxim *actore non probante absolvitur reus.*"

The legal arguments above set forth are also applicable to the present case, and in view thereof we now hold that

the judgment, subject of this appeal rendered by the District Court of Mayagüez on April 17, 1911, should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.